# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

**RANDALL C. RAINS,**

                **Petitioner,**

**v.**                                                 **Case No.  07-3015-JWL**

**STATE OF KANSAS,**

                **Respondent.**

## <u>MEMORANDUM & ORDER</u>

Petitioner Randall Rains is currently before this court on his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 (Doc. #1) and his motion requesting appointment of counsel (Doc. #3).  In his petition, Mr. Rains alleges that the trial court erred by denying his motion for post-conviction relief pursuant to K.S.A. § 60-1507 without holding an evidentiary hearing on his ineffective assistance claims.  After thoroughly reviewing the parties' motions, briefs, and the underlying record, the court finds that the evidence clearly establishes Mr. Rains is entitled to no relief.  As such, his habeas application is denied.

Moreover, there is no constitutional right to counsel beyond the direct appeal of a conviction and generally appointment of counsel is left to the court's discretion in a § 2254 proceeding.  *See Swazo v. Wyoming Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994).  After

carefully considering the merits of Mr. Rains' claims, the nature of the factual issues raised in those claims, Mr. Rains' ability to present those claims, and the complexity of the factual and legal issues involved, the court exercises its discretion and denies Mr. Rains' motion requesting appointment of counsel. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991)(setting forth factors to be considered when deciding motion to appoint counsel. *See also, Harder v. Kansas*, 2007 WL 1959122, at *1 (D. Kan. July 3, 2007); *Smith v. Jordan*, 2006 WL 2796665, at *3 (N.D. Okla. Sep. 26, 2006).

## I.    Background

In October of 1999, Mr. Rains approached John Faroh in the parking lot of a radio station in Wichita, Kansas, where Mr. Faroh worked.  Mr. Rains, who was carrying a knife and gun, accused Mr. Faroh of sleeping with his ex-girlfriend, T.G., who worked at the radio station with Mr. Faroh.  Mr. Rains forced Mr. Faroh into his car with the gun.  Mr. Faroh testified that as Mr. Rains was forcing him into the car, another radio station employee, Anne, walked by but did not appear to notice that Mr. Rains had a gun.  Mr. Rains then ordered Mr. Faroh to drive around for awhile before directing him to return to the radio station parking lot.  When they returned to the parking lot, T.G. was coming out of the studio.  Mr. Rains then forced both Mr. Faroh and T.G. into T.G.'s car; Mr. Faroh was in the driver's seat and T.G. and Mr. Rains were in the backseat. While in the vehicle, Mr. Rains threatened T.G., punched her, and slammed her head into the window.  Mr. Rains also hit Mr. Faroh in the back of the head with the gun.  After driving around for awhile and making a brief stop at an apartment belonging to Mr. Rains' friend, Mr. Rains ordered Mr. Faroh to drive back to the radio station.  When they returned there, Mr. Rains

talked with T.G. for a time inside the radio station, then left with T.G. in T.G.'s car.  Mr. Rains took T.G. back to the friend's apartment they had stopped at earlier, took off his clothes, ordered T.G. to take of her clothes, then raped T.G.

In October of 1999, Mr. Rains was charged with two counts of aggravated kidnapping and one count of rape.  After being convicted of those charges in June of 2000 following a jury trial, he was sentenced to 330 months imprisonment.  The Kansas Court of Appeals (KCOA) affirmed Mr. Rains convictions in November of 2001 and the Kansas Supreme Court denied review.  In April of 2002, Mr. Rains filed a pro se motion pursuant to K.S.A. § 60-1507 alleging, among other things, that he was denied effective assistance of trial and appellate counsel.  The trial court denied the motion and Mr. Rains appealed, arguing that the trial court erred in denying him an evidentiary hearing on his claims of ineffective assistance of trial and appellate counsel.  The KCOA affirmed the trial court's decision and the Kansas Supreme Court denied review.

Mr. Rains filed this pro se petition for federal habeas relief on January 1, 2007.  Therein, he asserts that the trial court erred in denying him a hearing regarding his post-conviction claims of ineffective assistance of trial and appellate counsel.  He also filed a motion requesting appointment of counsel.

## II.    Legal Standard

Because Mr. Rains filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA govern this case.  *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004).  The AEDPA "circumscribes a federal habeas court's review of a state-court decision."  *Anderson v. Mullin*, 327 F.3d 1148,

1152 (10th Cir. 2003) (quotations omitted).  This court cannot grant federal habeas relief unless the state courts's adjudication of the claims either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C. § 2254(d)).

The Supreme Court has determined that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 412-13.  A state court's failure to cite the proper Supreme Court precedent does not dictate that the state court's decision is contrary to clearly established federal law; in fact, "the state court need not even be aware of our precedents; 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).  "Under the 'unreasonable application' clause, . . . the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'" *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409); *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003)(same).  Legal principles are "clearly established" for purposes of AEDPA review when the holdings of Supreme Court decisions as of the time of the relevant state-court decision establish those

4

principles.  *See Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004).

The AEDPA also substantially restricts the scope of federal habeas review of state court findings of fact.  This court must presume "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence." *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003)(citing § 2254(e)(1)); *see also Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)).  "This presumption does not extend to legal determinations or to mixed questions of law and fact." *Id*. (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'" *Id*. (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).  "Ultimately, . . . review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings." *Anderson*, 327 F.3d at 1152.

## III.   Analysis

The court has determined that an evidentiary hearing is not appropriate in this case because Mr. Rains has failed to show that "his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005).  As explained below, the record, briefs, and pleadings clearly establish that Mr. Rains is not entitled to federal habeas corpus relief.  As such, Mr. Rains' application for federal habeas relief is denied.

*A.      Post-Conviction Evidentiary Hearings*

Mr. Rains argues that he is entitled to federal habeas relief because the trial court erroneously denied his request for an evidentiary hearing in connection with his state post-conviction motion alleging ineffective assistance of counsel.   As the Tenth Circuit has consistently held in the past, however, an attempt by a petitioner to challenge state "post-conviction procedures on their face and as applied to him [fails] to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993). *See also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998)(holding that the state court's refusal to grant a post-conviction hearing was not cognizable on federal habeas corpus "because the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration); *Beeman v. Ortiz*, 161 F. App'x 767, 768-69 (10th Cir. 2006)(affirming district court's rejection of petitioner's challenge to the state court's denial of a post-conviction evidentiary hearing because a claim of constitutional error directed at state post-conviction proceedings was not cognizable on federal habeas review)(citing *Sellers*, 135 F.3d at 1339); *Graves v. Boone*, 1999 WL 1079626 at *2 (10th Cir. Nov. 30, 1999)("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action."); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-19 (10th Cir. 1989) *overruling on other grounds recognized by Davis v. Maynard*, 911 F.2d 415-17 (10th Cir. 1990)("Several circuits have held that state postconviction proceedings may not be challenged in federal habeas corpus actions.")(collecting cases).   Thus, the court concludes that Mr. Rains' claim that the trial court failed to provide him with an adequate evidentiary hearing in the state post-conviction

proceeding does not warrant federal habeas relief and his petition is denied with respect to this claim.

B.      *Ineffective Assistance of Counsel*

To the extent Mr. Rains alleges that he was denied effective assistance of trial and appellate counsel, the court concludes he is not entitled to federal habeas relief on those claims either.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  Under *Strickland*, Mr. Rains must first demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688.  "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Second, Mr. Rains "must show that counsel's deficient performance prejudiced the defense . . . ." *Le v. Mullin*, 311 F.3d 1002, 1024-25 (10th Cir. 2002).  Under this prong, Mr. Rains must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 1025 (quoting *Strickland*, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bullock*, 297 F.3d at 1044.  The court "may address the performance and prejudice components in any order, but need not address both if [Mr. Rains] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir.

7

1998).  In sum, Mr. Rains bears the burden to expose "'the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Anderson v. Attorney General of Kan*., 425 F.3d 853, 859 (10th Cir. 2005) (quoting *Strickland*, 466 U.S. at 690).

1.     Trial Counsel

It is not clear whether the AEDPA deferential standard should apply to Mr. Rains' ineffective assistance of trial counsel claim because, although the KCOA briefly discussed the merits of the claim, it did not cite to *Strickland* itself or the Kansas equivalent of *Strickland*. Nevertheless, even without applying the AEDPA deferential standard, the court concludes that Mr. Rains is not entitled to federal habeas relief on that issue.

First, Mr. Rains argues that his trial counsel erred in not investigating the woman named Anne who was in the parking lot of the radio station when Mr. Rains forced Mr. Faroh into his car at gunpoint.  Mr. Rains cannot establish, however, that he was prejudiced by this alleged failure because he cannot show that the outcome of the trial would have been different but for this alleged error.[1]  Mr. Rains fails to provide evidence, in the form of affidavits or otherwise, of what an investigation of Anne would have uncovered or what Anne's testimony would have been.  Rather, he merely states that had Anne been interviewed, it might well have "changed the outcome of the trial."  If Mr. Rains is implying that Anne would have testified that he did not have a gun, that is merely a conclusory allegation with no support in the record.  Such a conclusory allegation fails to demonstrate that Mr. Rains was actually prejudiced by his trial

---

[1]Because the court concludes that Mr. Rains cannot meet the prejudice prong of *Strickland* with respect to this claim, it need not resolve the reasonableness prong.

8

counsel's failure to interview Anne.  *See Snyder v. Addison*, 89 F. App'x 675, 681 (10th Cir. 2004)(conclusory allegations regarding counsel's failures are insufficient to prove ineffective assistance of counsel); *James v. Cody*, 97 F.3d 1464, 1996 WL 536522 at *1 (10th Cir. 1996) (holding that petitioner's conclusory allegations lacked the articulated facts necessary to show that his trial counsel's performance fell below an objective standard of reasonableness or that the representation prejudiced him in any way); *United States v. Hood*, 98 F.3d 1350, 1996 WL 566158 at * 1 (10th Cir. 1996) ("Conclusory allegations of ineffective assistance of counsel do not warrant relief.").  *See also, United States v. Nicholson*, 2007 WL 1982190 (10th Cir. July 10, 2007)(holding that conclusory allegation that girlfriend's testimony would have proved that petitioner was not involved in the crimes charged was insufficient to show actual prejudice)(citing *United States v. Fisher*, 38 F.3d 1144, 1147, 1172 (10th Cir. 1994)("ruling that a pro se defendant's conclusory allegations were not sufficient to support an ineffective assistance of counsel claim without supporting averments")).

To the extent that Mr. Rains is implying that Anne would have testified that she did not see a gun, the court concludes that is insufficient to support a finding that Mr. Rains was prejudiced by his trial counsel's assistance.  First, the court notes that the only crime Anne's testimony would have been relevant to was the aggravated kidnapping of Mr. Faroh.  The evidence at trial indicated that Mr. Faroh was forced into a car by Mr. Rains on two occasions. The first time, when Anne walked by, was when it was only Mr. Faroh.  The second time, Mr. Rains forced both Mr. Faroh and T.G. into the vehicle at gunpoint.  Mr. Rains has not indicated that Anne was around when the second instance occurred; thus, her testimony would have had

no bearing on those events.  Moreover, just because Anne did not see a gun does not mean that Mr. Rains did not have one.  Mr. Faroh testified at trial about Mr. Rains' actions in forcing him into the vehicle and the injuries inflicted upon him by Mr. Rains while in the vehicle and, photographs of Mr. Faroh's head were introduced at trial corroborating his testimony regarding those injuries.  In light of this testimony and corroborating evidence, the court finds Mr. Rains has failed to establish that an investigation of Anne would have changed the outcome of the trial.  Thus, because Mr. Rains has failed to establish that his trial counsel's failure to interview Anne caused him any actual prejudice, he is not entitled to habeas relief on this issue.

Mr. Rains also argues his trial counsel erred in not hiring an expert witness to testify regarding the medical evidence related to T.G. as a result of the rape.  Once again, the court finds that Mr. Rains has failed to show that he was prejudiced by his trial counsel's failure to hire a medical expert. It was uncontroverted that T.G. and Mr. Rains had intercourse the night the crimes occurred; furthermore, there was no evidence presented indicating that T.G. struggled or fought against Mr. Rains.  Rather, the prosecution's theory was that T.G. had consented to the rape out of fear that Mr. Rains would harm her if she resisted.  T.G. testified that she complied with Mr. Rains out of fear that Mr. Rains would beat her or kill her and Mr. Rains testified that the intercourse was consensual.  Clearly, Mr. Rains conviction for this count turned on the jury's credibility determination regarding Mr. Rains and T.G.'s version of the events; a medical expert's testimony would have had no bearing on this issue because the fact that the intercourse occurred was not contested.  Thus, Mr. Rains has failed to show that but for his counsel's alleged failure in this regard, the outcome of the trial would have been different.  Accordingly, Mr. Rains

is not entitled to habeas relief on this issue.

Mr. Rains' final argument regarding his trial counsel is that she provided ineffective assistance by failing to object to the prosecutor's comments in opening statement. Mr. Rains fails, however, to point to any specific remarks made by the prosecutor to which his trial counsel should have objected. Thus, the court again concludes that Mr. Rains' conclusory allegation fails to establish an ineffective assistance claim and he is not entitled to habeas relief on this issue. *See Snyder v. Addison*, 89 F. App'x 675, 681 (10th Cir. 2004)(conclusory allegations regarding counsel's failures are insufficient to prove ineffective assistance of counsel).

2.     Appellate Counsel

Mr. Rains also argues that his appellate counsel was ineffective because he did not raise an argument related to the sufficiency of the evidence on appeal. "'[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Upchurch v. Bruce*, 333 F.3d 1158, 1163 (10th Cir. 2003)(quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). The KCOA did address the merits of this argument and set forth and applied the Kansas equivalent of the *Strickland* standard.[2] Therefore, the AEDPA confines this court's review to the question of whether the KCOA's decision involved an unreasonable application of *Strickland* or whether it was an unreasonable determination of the facts in light of the evidence presented.

The KCOA concluded that Mr. Rains' was not prejudiced by his trial counsel's failure

---

[2]Although the KCOA did not cite to *Strickland*, it relied upon the Kansas standard for ineffective assistance of counsel claims set forth in *State v. Smith*, 278 Kan. 45, 551-52, 92 P.3d 1096 (2004), which mirrors the *Strickland* standard.

to raise an argument challenging the sufficiency of the evidence on appeal.  In so holding, the KCOA reasoned that the victims in the case gave testimony which, if believed by the jury, was sufficient to sustain Mr. Rains' convictions.  The KCOA also stated that it would not second-guess the jury's credibility determination and that Mr. Rains' appellate counsel put forth many strong arguments.

The court concludes that the KCOA's determination of this issue was not an unreasonable application of *Strickland*.  To establish prejudice, Mr. Rains must show that but for his appellate counsel's alleged errors, the outcome of the proceeding would have been different.  In other words, Mr. Rains must convince the court that had his trial counsel raised an argument regarding the sufficiency of the evidence on direct appeal, the outcome of his case would have been different.

When evaluating the sufficiency of the evidence in a criminal case, Kansas courts determine "whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Jamison*, 269 Kan. 564, 7 P.3d 1204, 1211 (2000).  Here, Mr. Rains was convicted of two counts of aggravated kidnapping and one count of rape.

Conviction for aggravated kidnapping in Kansas requires proof of kidnapping that results in bodily harm.  K.S.A. § 21-3421.  The portion of the kidnapping statute relevant to this case defines kidnapping as "the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person: . . . (c) to inflict bodily injury or to terrorize the

victim or another. . . ."  K.S.A. § 21-320(c).  Here, Mr. Faroh and T.G. both testified that Mr. Rains forced them into the car at gunpoint and repeatedly punched T.G. and hit Mr. Faroh in the back of the head with the gun.  Furthermore, photographs of Mr. Faroh's head and of T.G.'s condition after her encounter with Mr. Rains were admitted which corroborated the victims' testimony.  Thus, after examining the record, the court concludes that when viewed in the light most favorable to the prosecution, a rational fact finder could have found Mr. Rains guilty of the two counts of aggravated kidnapping beyond a reasonable doubt.

In this case, conviction for the rape of T.G. required proof of "sexual intercourse with a person who does not consent to the sexual intercourse under any of the following circumstances: (A) when the victim is overcome by force or fear."  K.S.A. § 21-3502(1)(A).  As indicated earlier, it was uncontroverted that Mr. Rains and T.G. engaged in sexual intercourse.  Thus, the only issue was whether T.G. consented to the intercourse because she was overcome by force or fear.  T.G. testified that she gave in to Mr. Rains' demands because she was terrified of him and was afraid he would kill her or beat her.  T.G. also testified that the year prior, when she had denied Mr. Rains sex, he had broken her back.  Viewing this testimony in the light most favorable to the prosecution, the court concludes that a rational fact finder could find beyond a reasonable doubt that Mr. Rains was guilty of raping T.G.  Accordingly, the court finds that the KCOA's determination that Mr. Rains was not prejudiced by his counsel's alleged failure to raise an argument regarding the sufficiency of the evidence on direct appeal was not an unreasonable application of *Strickland*.  Thus, Mr. Rains is not entitled to federal habeas relief on this issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Rains' habeas petition

(Doc. #1) is denied and his motion requesting appointment of counsel (Doc. #3) is denied.

**IT IS SO ORDERED.**


Dated this 8th day of August, 2007.


                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge

14